12-cv-00910-PAB-MEH

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2012 MAY -7 PM 1:48

GREGORY C. LANGHAM
CLERK

BY_____ DEP. CLK

"'The Open Act would amend the Tariff Act if 1930 to insert after section 337 a new sections337A entitled "Unfair Trade Practices Relating to Infringement of Copyrights and Trademarks By Certain Internet Sites.

APPLICABLE SCOPE OF NEW SECTION 337A AS ADDED BYTHE OPEN ACT
The Open Act defines infringement activities to mean (1)an activity that constitutes copyright infringements, (2) circumventions of copyright protection systems Or (3) the sale, distribution, or promotion of goods, services or materials bearing a counterfeit mark it defines an internet site that is (1) foreign; (2) conducts business directed at U>S> residents and (3)has only limited purpose in infringing activity and whose owner or operator primarily uses the site to willfully commit copyright infringement, circumvent copyright protection systems, or use counterfeit marks on products and services (emphasis added."' From the Book Online Infringement and Counterfeiting: Legislation in the 112th Congress by Brian Yeh Legislative Attorney Jan 10,2012 Congressional Research Service 7-5700 www.crs.gov R42112


We have nothing on our machine that identifies it
Self Raw Films LTD, RFC Express Intellect Property Subscriptions sold to individuals for Revolutionary high-speed litigation - Silver Subscription phone number 847-705-7109.


Comcast has sent a date for this so called infringement but they have failed to name the movie. The only down loads we have are from Frost Wire they have the computer dates printed beside every movie, ect ect. We do not copy movies to sell we do enjoy our movies when the TV has nothing on. Most of the time we purchase our tapes from Wal-Mart because they are cheap. We do not share our downloaded tapes because our children and grandchildren do not like our movies. Funny Girl, The Slender Thread ect ect.


We do know that is against the law to invade our privacy according to the first and forth amendments and so before Comcast decides to release our personnel information we do want to know the name of the film, and we did look at the Frost Wire list for that date and no movie was downloaded on 1/31/2012 at 2:42 GMT. To be honest I am familiar with US time Zones and I do not know

where GMT is practiced. Once again We want to say we are not guilty of purposely infringing on the rights of another. I pay for the right to watch movies each month, and anything I download from FrostWire I do my best to follow the guidelines. This is our motion to squash or vacate.

Marie and Donald Williams
303-751-2808
7575 E Arkansas Ave 15 101
May 7,2012

-------------------------------------------------------

-------------------------------------------------------



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

April 20, 2012

**Personal and Confidential**

**Via UPS Delivery**

DONALD & MARIE WILLIAMS
7575 E ARKANSAS AVE UNIT 15-101
DENVER, CO 80231-2526

      Re:    *Raw Films, Ltd. v. John Does 1-7*
              United States District Court for the District of Colorado
              Docket No.: 1:12-cv-00910
              Order Entered: April 10, 2012
              Comcast File #: 372050

Dear Donald & Marie Williams:

      Raw Films, Ltd. has filed a federal lawsuit in the United States District Court for the District of Colorado. You have been identified via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing Raw Films, Ltd.'s copyrights on the Internet by uploading or downloading a movie without permission. This was allegedly done using a device assigned the IP address 76.25.214.213 on 1/31/2012 2:42 GMT. The Court has ordered Comcast to supply your name, address and other information to Raw Films, Ltd. in the attached Order and accompanying Subpoena. Your case has been assigned Docket Number 1:12-cv-00910 by the Court. If you have any questions about the lawsuit, you should consult an attorney immediately. Comcast cannot and will not provide any legal advice.

      Comcast will provide your name, address and other information as directed in the Order unless you or your attorney file something with the District of Colorado such as a motion to quash or vacate the Subpoena <u>no later than May 21, 2012</u>. Should you choose to contest the release of your information by filing legal process with the court, it must be filed in the same court where the lawsuit is filed. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to **(866) 947-5587** <u>no later than May 21, 2012</u>. **Please note that Comcast cannot accept or file any legal action on your behalf**. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff on the next business day after May 21, 2012.

      If you have any questions regarding Comcast's obligations or procedures, you may contact us at **(866) 947-8572**. If you have legal questions about this matter, please contact an attorney.

                                      Sincerely yours,

                                      Comcast Legal Response Center

Attachments:    Copy of Court Order and accompanying Subpoena regarding civil action

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the District of New Jersey

| Raw Films, Ltd. | Civil Action No. 1:12-cv-00910-PAB-MEH |
| *Plaintiff* | |
| v. | UNITES STATES DISTRICT COURT<br>DISTRICT OF COLORADO |
| John Does 1 - 7, | |
| *Defendants.* | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Corporation
Legal Demands Center
650 Centerton Road
Moorestown, NJ 08057

[X] *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the name, address, and telephone number of the defendant John Does listed in the below chart:

| Doe# | IP Address | Date/Time UTC |
|---|---|---|
| 1 | 71.196.238.16 | 12/25/2011 2:01 |
| 2 | 75.70.42.73 | 2/5/2012 14:41 |
| 3 | 75.71.219.215 | 2/14/2012 5:58 |
| 4 | 76.25.214.213 | 1/31/2012 2:42 |
| 5 | 98.245.191.68 | 12/31/2011 1:44 |

| Place: Kotzker Law Group<br>9609 S. University Blvd., #632134<br>Highlands Ranch, CO 80163 | Date and Time:<br>May 28, 2012 @ 9:30 a.m. |

[ ] *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set

forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 4/11/12

CLERK OF COURT

_____  OR  _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
Jason Kotzker, Esq., The Kotzker Law Group, 9609 S. University Blvd., #632134, Highlands Ranch, CO 80163, Telephone: (303) 875-5386, Email: jason@KLGIP.com

information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB , 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted).

After review of the motion, the Court finds that Plaintiff establishes good cause for limited expedited discovery. Therefore, the present motion is **granted in part** as follows. The Plaintiff may serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs with the limited purpose of ascertaining the identities of the Doe Defendants as identified by the seven (7) IP addresses listed in Docket #5-4. The subpoenas shall be limited to providing Plaintiff with the true name, address, telephone number, email address, and Media Access Control address of the Defendant to whom the ISP has assigned an IP address. With each subpoena, Plaintiff shall also serve a copy of this Order. Finally, the Court emphasizes that Plaintiff may use the information disclosed in response to the subpoenas only for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #2]. The Court cautions Plaintiff that improper use of this information may result in sanctions. All other relief requested in the proposed order [docket #5-1] is **denied**.[1]

---

[1] Plaintiff's proposed order asserts, among other statements, a finding that joinder is proper at this stage in the litigation. (Docket #5-1 at 3.) Although Plaintiff has not yet filed a Notice of Case Association, the Court recognizes particular similarity between the present motion and motions filed by the same counsel in cases 12-cv-00409-REB-MEH [docket #7] and 12-cv-00397-WJM-MEH [docket #6]. At a hearing held in the above cases, Plaintiff's counsel conceded on the record that other courts have disputed the propriety of joinder in cases similar to this one. Thus, the Court expressly declines to make any statement regarding joinder at this time.

Entered and dated at Denver, Colorado, this 10th day of April, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge