IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00910-PAB-MEH

RAW FILMS, LTD.,

    Plaintiff,

v.

JOHN DOES 1-7,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on June 6, 2012.**

    Before the Court is a renewed "Motion to Squash or Vacate" filed by Marie and Donald Williams [filed May 16, 2012; docket #16]. The original motion filed by Mr. and Mrs. Williams contained signature lines, but no signatures, and was denied without prejudice on that basis. The original motion also included the movants' names, address and telephone number. (*See* docket #12 at 2.) Although vague, as with the original motion, Donald and Marie Williams here seek to quash a subpoena served on their wireless provider for the disclosure of their names, address, telephone number, and email address.[1]

    In cases like the present matter where defendants apparently object to the disclosure of identifying information but publicly provide the information in a motion to quash, courts have found that such motions may be rendered moot by the disclosure. *See First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 248 n.7 (N.D. Ill. 2011) (noting that defendants moving to quash subpoenas served on their internet service providers for their identifying information "may have very nearly rendered moot their own motions to quash" by filing the motions under their own names and addresses); *see also Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4, 577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (finding that a motion to quash may be moot where a defendant seeking to protect her identity includes her name and address in the motion). Filing a motion under seal, as provided by D.C. Colo. LCivR 7.2B, is one way for a litigant to avoid publicly disclosing his or her identity. *See Achte/Neunte*, 736 F. Supp. 2d at 215 (distinguishing a defendant who filed his motion to quash under seal from defendants who filed their motions on the public record and finding that the former defendant's motion was not moot).

    The subpoena the Williams' seek to quash orders Comcast to produce the name, address, and telephone number associated with IP address 76.25.214.213. (*See* docket #12 at 3-4.) In light of

---

[1]To the extent the motion may be construed as simply responding to the allegations in the Complaint, the motion would be improper pursuant to Fed. R. Civ. P. 45(c)(3).

2

the Williams' disclosure of all of the information sought in the subpoena, the Court finds that any ruling on the merits of their motion to quash would have little, if any, practical effect. Therefore, Defendant's motion is **denied as moot**.